# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 17, 2006

130642 & (53)(54)


HARVEY GRACE,
      Plaintiff-Appellee,

v

BRUCE LEITMAN and
BRUCE LEITMAN, P.C.,
      Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130642
COA: 257896
Oakland CC: 02-045572-NM

On order of the Court, the motions for immediate consideration and for stay of proceedings and the application for leave to appeal the March 3, 2006 order of the Court of Appeals are considered. Immediate consideration is GRANTED. The application for leave to appeal is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion for stay of proceedings is DENIED as moot. Concerning the instant disqualification motion, it can never be the case, in our judgment, that a judge can be required to disqualify himself on the basis of hostile conduct directed toward him by the *attorney* or *litigant*, rather than on the basis of the *judge's* own conduct. To require recusal in these circumstances would be to incentivize hostile conduct by an attorney or litigant desirous of excluding disfavored judges from participation in their cases. *People v Bero*, 168 Mich App 545, 552 (1988). Where, as here, the focus of the disqualification motion concerns past adverse characterizations of Judge Talbot by defendant attorney, we do not believe that it can be sustained unless Judge Talbot himself is of the view that he harbors attitudes toward the attorney that preclude his fair consideration of the case. Because he has apparently decided that he does not harbor such views and that his disqualification is not required, there is no basis, in our judgment, upon which either the Chief Judge of the Court of Appeals or any member of this Court can reach a contrary conclusion.

CORRIGAN, J., concurs and states as follows:

I concur in the order of denial. I write separately to note that Justice Weaver correctly identifies the applicability of MCR 2.003 to judges of the Court of Appeals. On its face, the rule expressly requires that "[t]he challenged judge shall decide the

[disqualification] motion." MCR 2.003(C)(3). Yet MCR 2.003(C)(3) further provides, "If the challenged judge denies the motion, (a) in a court having two or more judges, *on the request of a party*, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo . . . ." (Emphasis added.)[1] We have no record that either party requested that Judge Talbot refer this motion to Chief Judge Whitbeck.

The court rules do not preclude an appeal upon a failure to refer to the chief judge. I would open an administrative file to consider including in the rule the requirement of *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14, 23 (1989) ("Having failed to pursue the remedy provided by MCR 2.003(C)(3)(a), [the party] waived any claim of disqualification.").

Because of the failure of our court rules to make an explicit provision in this regard, I have analyzed the merits, and I join the order.

CAVANAGH, J., states as follows:

The order denying the motion to disqualify was entered by the challenged judge alone, "acting under MCR 7.211(E)(2)." I believe this was contrary to the specific text of MCR 7.211(E)(2), which provides:

(E) Decision on Motions.

(2) The chief judge or another designated judge may, acting alone, enter an order disposing of an administrative motion. Administrative motions include, but are not limited to:

(a) a motion to consolidate;

(b) a motion to extend the time to file a transcript of brief;

(c) a motion to strike a nonconforming brief;

(d) a motion for oral argument in a case that has not yet been placed on a session calendar;

(e) a motion to adjourn the hearing date of an application, complaint, or motion;

(f) a motion to dismiss a criminal appeal on the grounds that the defendant has absconded;

(g) a motion to file an amicus curiae brief;

---

[1] Nor does the rule require reference to the State Court Administrative Office, since these facts involve neither a single judge court nor the chief judge. See MCR 2.003(C)(3)(b).

(h) a motion to allow an out-of-state attorney to appear and practice.

I note that the order here was not entered by the panel to whom the motion was assigned, by the chief judge of the Court of Appeals, or by a judge "designated" by that Court. Even if it were argued that the challenged judge was "designated" pursuant to the rule, the subject motion was not one of those enumerated in the rule and can hardly be characterized as an "administrative motion."

I would stay further proceedings in the Court of Appeals and remand for proper disposition of the motion for disqualification.

WEAVER, J., states as follows:

I join Justice Cavanagh's statement, and would stay further proceedings in the Court of Appeals and remand for proper disposition of the motion for disqualification.

Further, I note that even if Judge Talbot's denial of the motion for disqualification had been made under the correct court rule, MCR 2.003, instead of MCR 7.211(E)(2), the review of that denial would not be properly before this Court. When a judge denies a motion for his or her disqualification, on the request of the party challenging the judge, the motion is to be referred to the chief judge, who shall decide the motion de novo. MCR 2.003(C)(3)(a).[2]

MCR 2.003 applies to Court of Appeals judges. MCR 2.001 governs when the rules in chapter 2 of the court rules, including MCR 2.003, apply to a court. MCR 2.001 provides:

---

[2] Rule 2.003 Disqualification of Judge
      (C) Procedure.

* * *

 (3) *Ruling.* The challenged judge shall decide the motion. If the challenged judge denies the motion,

(a) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo;

(b) in a single-judge court, or if the challenged judge is the chief judge, on the request of a party, the challenged judge shall refer the motion to the state court administrator for assignment to another judge, who shall decide the motion de novo.

> The rules in this chapter [which include MCR 2.003] govern procedure in all civil proceedings in all courts established by the constitution and laws of the State of Michigan, except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure.

That MCR 2.003 governs the disqualification of Court of Appeals judges is further shown by Canon 3 of the Michigan Code of Judicial Conduct. The Code of Judicial Conduct expressly applies to all judges, including the judges of the Court of Appeals and the justices of the Supreme Court. Canon 3(C) and (D) state that the disqualification of a judge and remittals for the disqualification of a judge are governed by the provisions of MCR 2.003(B) and (D), respectively.

The Michigan Court of Appeals is a court established by the Constitution of the state of Michigan. The Court of Appeals is not a court of limited jurisdiction; nor is there a rule on motions for recusal that provides a different procedure applicable specifically to the Court of Appeals. Therefore, MCR 2.003 applies to the Court of Appeals.

Pursuant to MCR 2.003, the challenged judge decides the motion asking for his or her disqualification. If the motion is denied and a party requests review of the denial, the chief judge or a judge appointed by the state court administrator then reviews de novo the judge's decision not to recuse himself or herself. MCR 2.003(C)(3).

Thus, when a challenged Court of Appeals judge denies a motion for recusal, the party challenging the judge should request that the chief judge of the Court of Appeals review the motion de novo. Until that procedure is followed, the issue is not properly before this Court. *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14 (1989).

KELLY, J., joins the statements of CAVANAGH, J., and WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 17, 2006

Clerk

t0314