# Order

Michigan Supreme Court
Lansing, Michigan

June 1, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

9 March 2006

127547(17) & (19)

GRIEVANCE ADMINISTRATOR,
      Petitioner-Appellant,

v

                                     SC:    127547
                                       ADB: 01-55-GA

GEOFFREY N. FIEGER,
      Respondent-Appellee.

_____

On order of the Court, the motions for disqualification of Justices Corrigan and Markman are considered and they are DENIED.

Weaver, J., not participating in the decisions regarding the motions to disqualify Justice Corrigan and Justice Markman, states:

On February 20, 2006, the Committee to Re-elect Justice Maura Corrigan sent out a fundraising letter from former Governor John Engler stating that

> We cannot lower our guard should the Fiegers of the trial bar raise and spend large amounts of money in hopes of altering the election by an 11th hour sneak attack.

This statement was one of the grounds listed in the motion for disqualification filed against Justice Corrigan by the respondent, Geoffrey Fieger. I do not participate in deciding respondent's motion to disqualify Justice Corrigan.

This Court should publish proposals for public comment, place the issue on a public hearing for administrative matters, resolve, and make clear for all to know the proper procedures for handling motions for the recusal of Supreme Court justices from participation in a case. See Scalise v Boy Scouts of America, 473 Mich 853; 700 NW2d 360 (2005). This Court opened an administrative file on the question on May 20, 2003, but has yet to address the matter. See ADM 2003-26.

The question regarding the participation or nonparticipation of justices frequently recurs and is a matter of public significance because even one justice's decision to participate or not participate may affect the decision and outcome in a case. See Advocacy Org for Patients &; Providers v Auto Club Ins Ass'n, 472 Mich 91, 96-104; 693 NW2d 358 (2005) (Weaver, J., concurring).

Markman, J., states: For the following reasons, I deny the motion for my disqualification.

Respondent first argues that I am "enmeshed in other matters" concerning him. However, this is true only because respondent by his own actions, specifically by initiating a series of federal lawsuits against me and other Justices of this Court, has so "enmeshed" me. It cannot be that a judge can be required to disqualify himself or herself simply on the basis of such lawsuits. Grace v Leitman, ___ Mich ___ (2006); People v Bero, 168 Mich App 545, 552 (1988). To allow respondent's lawsuits to constitute a basis for my disqualification because I have thereby become "enmeshed" with him would simply be to incentivize such lawsuits on the part of any attorney or litigant desirous of excluding a disfavored judge from participation in his or her case.

Respondent next argues that my participation in this case would afford me the opportunity to "buttress a demand for money from him." This apparently refers to my defense in one of respondent's lawsuits that the lawsuit is "frivolousness" and, therefore, that sanctions are appropriate under federal court rules. Again, it cannot be that a judge can be required to disqualify himself or herself on the basis of his or her defense to a lawsuit. It is the right of any litigant, including a judicial defendant, to defend himself or herself by appropriate means. To allow my defense to respondent's lawsuits to constitute a basis for my disqualification would again simply be to incentivize such lawsuits on the part of any attorney or litigant desirous of excluding a disfavored judge from participation in his or her case.

Respondent next argues that I have been a "target of personal abuse" from him and cannot be fair toward him. Whatever "abuse" respondent may or may not have directed toward me, I have never once called into question the propriety of his conduct. I have never questioned his right to direct any public criticism toward me or to undertake any financial contributions against me in the course of my campaigns for judicial office. Once again, it cannot be that a judge can be required to disqualify himself or herself on the basis of "abuse" that he has allegedly received from an attorney or litigant. To allow such conduct to constitute a basis for my disqualification would again simply be to incentivize such conduct on the part of any attorney or litigant desirous of excluding a disfavored judge from participation in his or her case.

Respondent next argues that my non-disqualification would potentially allow me to "vent my spleen" against him because of his opposition to my reelection to this Court. However, as was observed in Adair v Michigan, 474 Mich 1027 (2006)(statement by TAYLOR, C.J. and MARKMAN, J.), if campaign opposition constituted a basis for disqualification, there would rarely, if ever, be a full contingent of this Court hearing an appeal. Lawful campaign contributions, in support of and in opposition to a judge, have never before constituted a basis for disqualification. Respondent himself, for example,

has made contributions in support of and in opposition to each of the Justices of this Court.

Finally, respondent argues that my wife has a pecuniary interest in the outcome of this case because he "might" run for Attorney General someday. For the reasons set forth by Chief Justice Taylor and myself in Adair, my participation in cases concerning the Office of the Attorney General and other public and private offices in which my wife has worked, has always been in accord with the highest standards of judicial conduct. My wife, who is a civil service employee, has no financial stake in whether respondent prevails or not in this case, or in whether respondent someday chooses to run for Attorney General or any other public position.

After carefully considering the instant motion for disqualification, I am convinced that I can fairly and impartially consider the present appeal just as in the past I have fairly and impartially considered both appeals in which respondent was a party and appeals in which he represented other parties.

Cavanagh and Kelly, JJ., do not participate in the decisions regarding the motions to disqualify Justice Corrigan and Justice Markman.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2006

_Corbin R. Davis_
Clerk